NO. 07-04-0306-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 8, 2005

_____

CAROL ANN LYON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242NC DISTRICT COURT OF HALE COUNTY;

NO. B13422-9906; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Upon receiving her plea of true and hearing evidence that appellant Carol Ann Lyon had violated the terms of community supervision for her conviction for possession of a controlled substance, the trial court revoked community supervision and sentenced her to

five years confinement and a $500 fine.[1]  In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).  Thus, he concludes the appeal is frivolous.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of her right to review the record and file a *pro se* brief if she desired to do so.  Appellant did not file a response.  Neither did the State favor us with a brief.

By the *Anders* brief, counsel concludes no reversible error is presented.  We agree.  When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion.  Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983).  In

---

[1]Appellant had been granted deferred adjudication for two years in 1999, but was adjudicated guilty in 2000 and sentenced to five years confinement and a $500 fine, suspended for five years.

[2]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

a revocation proceeding the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). If the State fails to meet its burden, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. A plea of true standing alone is sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).

The State filed a motion to revoke appellant's community supervision alleging numerous violations of the conditions thereof. At the hearing on the motion, after being properly admonished, appellant plead true and the court found her plea was freely, voluntarily, knowingly, and intelligently made. Additionally, appellant's community supervision officer testified of violations of the conditions of community supervision. We conclude the trial court did not abuse its discretion in revoking community supervision and imposing a five-year sentence and a $500 fine.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

3

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.